UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | |
|---|---|
| TOMMY TOOMER,<br><br>       Petitioner,<br><br>vs.<br><br>WARDEN McFADDEN,<br><br>       Respondent. | C/A No.: 4:15-cv-4871-JFA-TER[1]<br><br><br><br>**Report and Recommendation** |

_____

Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[2] on December 7, 2015. (Doc. #1). Respondent filed a motion for summary judgment on February 22, 2016, along with a return and memorandum. (Docs. #10 and #11). The undersigned issued an order filed January 12, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #20). After being granted an

---

[1] It is noted that Respondent's return and memorandum misidentifies the case number. Further, within their memorandum, citations to page numbers are incorrect, in part.

[2] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

extension and instructed that his case may be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure if he did not file a response, Petitioner failed to file a response.

### RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to

2

respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, it is recommended that Respondent's motion for summary judgment be granted and the petition dismissed.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent has not disputed as Petitioner did not file a response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Lieber Correctional Institution. During its April 27, 2006, term, the Horry County Grand Jury indicted Petitioner on the charge of murder. Petitioner was represented at a May 18, 2009, jury trial by James Galmore, Esquire. Appearing on behalf of the State was Heather von Herrmann of the Fifteenth Circuit Solicitor's Office. The trial proceeded before the Honorable Edward B. Cottingham, South Carolina Circuit Court Judge. The jury convicted Petitioner as charged. Judge Cottingham sentenced Petitioner to thirty years' imprisonment.

## DIRECT APPEAL

Petitioner timely filed a direct appeal of his conviction and sentence. Robert M. Dudek represented Petitioner on appeal and briefed the following issues:

1).    Whether the court erred by allowing Wanda Garrett to testify appellant had grabbed a stick out of the bedroom in anger to hit her in the past since this was impermissible propensity evidence under Rule 404(B), SCRE?

2).    Whether the court erred by playing Wanda Garrett's statement to the police since it constituted an impermissible prior consistent statement and appellant had not alleged recent fabrication on Garrett's part as the solicitor asserted?

(Final Brief of Appellant at 3, attachment 2).

In an Unpublished Opinion (No. 2012-UP-439) filed July 18, 2012, the South Carolina Court of Appeals dismissed the direct appeal and affirmed Petitioner's conviction. The remittitur was issued on August 3, 2012.

## PCR

Petitioner filed his application for post-conviction relief (PCR) on August 28, 2012. Petitioner alleged he was being held in custody unlawfully for the following reason:

1.    Counsel was ineffective in that counsel failed to object to the trial judge admitting statement regarding prior bad act.

4

The State made its Return. An evidentiary hearing was conducted on December 18, 2013, before the Honorable Steven H. John. Petitioner was present and represented by Randall K. Mullins, Esquire and Jarron E. Ownbey, Esquire. In his Order of Dismissal filed January 10, 2014, Judge John denied and dismissed all claims with prejudice.

On January 30, 2014, counsel for Petitioner filed a motion for reconsideration and/or Motion to Alter or Amend the Judgment pursuant to Rule 59(e). On March 5, 2014, Judge John issued an order denying Petitioner's Motion for Reconsideration.

## PCR APPEAL

Petitioner filed an appeal from the dismissal of his PCR application and was represented by Robert Dudek, Chief Appellate Defender. Mr. Dudek filed a Petition for Writ of Certiorari on Petitioner's behalf raising the following issues:

> Whether the PCR Court erred by ruling defense counsel preserved the issue of whether Wanda Garrett's testimony that petitioner had hit her with a stick on a prior occasion or occasions was admissible under the prior bad act exception where the Court of Appeals held the issue was not preserved for appellate review, and the PCR court also erred by finding a lack of prejudice because this prior bad act was admissible evidence anyway?
>
> Was defense counsel ineffective for failing to request a jury instruction on voluntary manslaughter where he testified he believed if he had requested this instruction the jury would

5

have convicted petitioner of voluntary manslaughter, and where there was no evidence to support the PCR court's ruling that defense counsel discussed his alleged "All or nothing strategy" strategy with petitioner?

In an order dated July 23, 2015, the South Carolina Supreme Court denied certiorari and granted counsel's petition to be relieved. The remittitur was issued on August 10, 2015, to the Horry County Clerk of Court.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:    Ineffective Assistance of Counsel

Supporting Facts:    The PCR Court erred by ruling counsel preserved the issue of whether Wanda Garrett's testimony that petitioner had hit her with a stick on a prior occasion or occasions was admissible under the prior bad act exception where the Court of Appeals held the issue was not preserved for appellate review and the PCR court also erred by finding a lack of prejudice because this prior bad act was admissible evidence anyway.

GROUND TWO:    Ineffective Assistance of Counsel

Supporting Facts:    Defense Counsel was ineffective for failing to request a jury instruction on voluntary manslaughter where he testified he believed he had requested this instruction the jury would have conviction petitioner of voluntary manslaughter, and where there was no evidence to support the PCR Court's ruling that defense counsel discussed his alleged "All or nothing

6

strategy" strategy with petitioner.

(Petition) (errors in original).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute

for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ...

8

affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel

Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86

(4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.


## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions

for summary judgment, the court must also consider the petition under the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in the State court proceedings
> unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the State court
> proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the

Supreme] Court's decisions but unreasonably applies that principle of law" to the facts

of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams

v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of

federal law is different from an incorrect application of federal law,' because an

9

incorrect application of federal law is not, in all instances, objectively unreasonable."

Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).


## ANALYSIS

In Grounds One and Two, Petitioner alleges ineffective assistance of counsel. Therefore, the law with respect to a claim of ineffective assistance of counsel will be discussed followed by an analysis of each Ground.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

10

Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis).


**Ground One**

In Ground One, Petitioner alleges ineffective assistance of counsel arguing that the PCR Court erred by ruling counsel preserved his objection to the admission of evidence of Petitioner's prior bad acts after the Court of Appeals found the issue was not preserved for appellant review. Petitioner further asserts the PCR judge erred in finding that he failed to demonstrate prejudice due to the lack of an objection.  The Respondent argues the PCR court's findings were reasonable and Petitioner is not entitled to relief.

On direct appeal, Petitioner raised the issue of "[w]hether the court erred by

allowing Wanda Garrett to testify appellant had grabbed a stick out of the bedroom in anger to hit her in the past since this was impermissible propensity evidence under Rule 404(B), SCRE?" (Attachment 3). The South Carolina Court of Appeals held the following:

> Tommy Toomer appeals his murder conviction. The incident giving rise to the charge against him occurred at his residence. The two issues he raises on appeal concern the testimony of his housemate, Wanda Garrett, who appeared as a witness for the State. We affirm.
>
> 1. Toomer first argues the trial judge erred in admitting testimony from Garrett that on previous occasions he grabbed a heavy tree limb from a bedroom window and hit her with it. We hold Toomer failed to take adequate measures to preserve this issue for appeal. The record shows only that Toomer objected to the testimony under Rule 404(b), SCRE. The trial judge then held a bench conference that the jurors, though not excused from the courtroom, were unable to hear. The trial judge announced immediately after the bench conference that he permitted the disputed testimony; however, there is no explanation as to why the trial judge ruled as he did. In its respondent's brief, the State has suggested several grounds to support the admission of this statement, including (1) that it was probative of Toomer's intent, (2) that it demonstrated the absence of mistake or accident, and (3) that it was admissible pursuant to a *res gestae* theory. Without any information as to why the trial judge admitted Garrett's testimony about Toomer's alleged prior bad act, we cannot determine whether the ruling was in error. See State v. Hutto, 279 S.C. 131, 132, 303 S.E.2d 90, 91 (1983) (finding no error because the appellant did not meet his burden of presenting a record that was sufficiently complete for appellate review of the trial judge's actions); In re Richard D, 388 S.C. 95, 100, 693 S.E.2d 447, 450 (Ct.App.2010) (acknowledging that an issue on appeal may have been discussed during an off-the-record bench conference but holding this court "cannot review issues not contained in the record").

(Attachment 4 at p. 2).

13

The PCR court found the issue was preserved regardless of the Court of Appeals opinion on this issue making the following finding:

> The Court finds Applicant failed to meet his burden of proving counsel ineffective. The Court finds trial counsel adequately conferred with Applicant, conducted a proper investigation, and was thoroughly competent in his representation. The Court also finds the allegation trial counsel was ineffective in failing to preserve an objection to prior bad acts evidence is without merit. Trial counsel clearly stated he was objecting to the introduction of Garret's testimony about the stick under Rule 404(b), SCRE. (Trial Tr. 56:3). The trial judge then heard arguments at the bench before allowing the testimony in over the objection. (Trial Tr. 56:5-8). The Court finds trial counsel was not deficient because he performed reasonably under the circumstances. <u>Cherry</u>, 300 S.C. at 117, 386 S.E.2d at 625.

(Tr. 269).

In addition to finding that counsel's performance did not fall below an objective standard of reasonableness, the PCR court held Petitioner failed to show that he had been prejudiced stating:

> Garrett's testimony she had been previously hit with the stick intimates Applicant intended to use the stick to hit her again. Her testimony also showed Applicant did not accidentally or mistakenly hit the victim. Finally, the testimony demonstrates Applicant commonly used the stick as a weapon. Because Garret's testimony was "logically relevant to establish a material element of the offense charged[,]" the trial judge properly admitted it over trial counsel's Rule 404(b) objection. <u>Id.</u> (citing <u>State    v.</u>

14

<u>Green</u>, 261 S.C. 366, 371, 200 S.E.2d 74, 77 (1973)).

(Tr. 269-270).

Petitioner filed a motion for reconsideration of the PCR court's ruling arguing "The Order incorrectly finds that the Applicant's Prior Trial Counsel Properly Preserved the Issue of Improper Character Evidence for Appellate Review." (Tr. 273). In the order denying the motion for reconsideration, the PCR court held as follows:

> The Court properly found that Applicant's allegation trial counsel was ineffective in failing to preserve an objection to prior bad acts evidence was without merit. Trial counsel clearly stated he was objecting to the introduction of Garrett's testimony about the stick under Rule 404(b), SCRE. (Tr. Tr. 56:3). The trial judge then heard arguments at the bench before allowing the testimony in over the objection. (Trial Tr. 56:5-8). The Court is aware the South Carolina Court of Appeal[s] found this objection was not properly preserved. However, based on the testimony at the PCR hearing, the Court finds trial counsel's representation was not deficient. Counsel made a specific objection, argued the objection to the trial judge, and the trial judge made a ruling on the objection. In this case, further action by trial counsel would not have changed the ruling on the admissibility of the testimony. The fact that the substance of the trial judge's ruling was not placed on the record and the Court of Appeals found the objection unpreserved does not equate to a per se deficiency. Therefore, the Court finds no error in its order regarding trial counsel's performance.

> Even assuming *arguendo*, that trial counsel's representation was deficient, said deficiency did not prejudice the Applicant. In this case, Applicant must show that the Court of Appeals, had it found the objection properly preserved, would have found the testimony to be inadmissible.

15

> However, this Court can discern no grounds under Rule
> 404(b), SCRE, that would justify such a finding.

(Tr. 282).

A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). <u>Evans v. Smith</u>, 220 F.3d 306 (4th Cir. 2000). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. At the PCR hearing, counsel testified he objected to Ms. Garrett's testimony of previous acts by Petitioner. (Tr. 229). The trial judge held a bench conference after which the trial judge allowed the testimony. (Tr. 231-232).  When Counsel objected, he informed the trial judge that he was objecting under Rule 404(b).[3] (Tr. 81). The PCR court found that trial counsel was not ineffective as he performed reasonably under the circumstances since he clearly objected to the introduction of Ms. Garrett's testimony that Petitioner had previously hit her with a stick under Rule 404(b), SCRE. Additionally, the PCR court found Petitioner could not show prejudice because the testimony was clearly admissible as evidence of prior bad acts to show that Petitioner had previously used the stick to hit her and intended to use the stick to hit her again, that Petitioner did not accidentally or mistakenly hit the victim, and that Petitioner commonly used the stick as a weapon.

---

[3] Counsel testified "I believe the proper procedure is to proffer the information even though the objection is overruled."  (Tr. 233). The PCR court stated "If the Court will allow you to do so?"

Therefore, the PCR court found that "[b]ecause Garret's testimony was 'logically relevant to establish a material element of the offense charged," the trial judge properly admitted it over trial counsel's Rule 404(b) objection." (Tr. 270).

The PCR court concluded that even if the Appeals Court had found counsel preserved the objection, there were no grounds under Rule 404(B), SCRE, that would justify the Court finding the testimony to be inadmissible. As set forth above, this court's review is to determine whether the PCR court's decision involved an unreasonable application of federal law or an unreasonable determination of facts. Petitioner fails to show either. Also, a state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Thus, it is recommended that the Respondents' motion for summary judgment be granted on Ground One.

## Ground Two

In Ground Two, Petitioner alleges trial counsel was ineffective for failing to request a voluntary manslaughter instruction. Specifically, Petitioner asserts "[d]efense Counsel was ineffective for failing to request a jury instruction on voluntary manslaughter where he testified he believed has he requested this instruction the jury would have convicted petitioner of voluntary manslaughter, and where there

17

was no evidence to support the PCR Court's ruling that defense counsel discussed his alleged 'All or nothing strategy' strategy with petitioner."

The PCR court noted trial counsel's testimony that his trial strategy was to get the jury to believe Petitioner's version that "he was asleep the whole night and awoke to someone telling him the victim fell off the porch and hit his head." (Tr. 267, 244). Counsel testified that his strategy was to have the jury believe Petitioner's story and find that he did not kill the victim, regardless of the nature of the homicide charged. Trial counsel testified that he discussed the elements of voluntary manslaughter with Petitioner but decided the best strategy was to go for an all or nothing approach and attempt to convince the jury Petitioner did not kill the victim.

The PCR court denied this claim ruling as follows:

> Applicant's allegation regarding the voluntary manslaughter charge is likewise without merit. Trial counsel and Applicant were clearly attempting to convince the jury to believe Applicant's story and not Garrett's. Based on the facts and evidence in this case, the Court finds this to be a reasonable trial strategy. See Stokes v. State, 308 S.C. 546, 548, 419 S.E.2d 778, 779 (1992) ("Where, as here, counsel articulates a valid reason for employing ceratin strategy, such conduct will not be deemed ineffective assistance of counsel." (Citing Whitehead v. State, 308 S.C. 119, 417 S.E.2d 529 (1992)); see also State v. Walker, 605 S.E.2d 647, 654 (N.C. Ct. App. 2004), overruled on other grounds, 695 S.E.2d 750 (N.C. 2006)("The record indicates defendants' counsel were employing an 'all or nothing' strategy, hoping the jury might find one element of the crime charged to be missing.

18

. . and thus, find their clients not guilty. . . . the fact that it failed does not mean that defendants were deprived of effective assistance of counsel."). If the jury were to believe Applicant's version, there were no facts from which it could convict him of voluntary manslaughter. A manslaughter conviction would have required the jury to believe Garrett's testimony that Applicant struck the victim when Applicant became enraged. However, the stated trial strategy  was to have the jury believe none of Garrett's story. A request for a manslaughter charge would have been inconsistent with Applicant's defense theory that he was not even awake when the victim was killed. Because Applicant wanted his story to be believed, a charge on manslaughter would have been contradictory to trial counsel's stated trial strategy. Therefore, the Court finds trial counsel was not ineffective in this regard. See McCray v. State, 317 S.C. 557, 560, 455 S.E.2d 686, 688 (1995) (Counsel not ineffective for not pursuing a certain defense where applicant denied any involvement in crime).

(App. p. 725).

As set forth above, the PCR court found that trial counsel made a strategic decision in not requesting an instruction on voluntary manslaughter. (Tr. 725). Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 944 F.2d 170 (4th Cir.1991). Trial counsel testified that his strategy was to have the jury find Petitioner not guilty of murder based on Petitioner's version that he was asleep at the time which would have been inconsistent with an instruction on manslaughter. Therefore, counsel decided not to give the jury an option of reaching a compromised

verdict in hopes of receiving an acquittal. Where counsel articulates valid reasons for employing a certain strategy, such conduct is not ineffective assistance of counsel. See Daniels v. Lee, 316 F.3d 477, 491 (4th Cir.2003). Courts have held that the decision not to ask for an instruction on a lesser-included offense may be a sound trial strategy. See United States v. Estrada–Fernandez, 150 F.3d 491, 496 (5th Cir.1998). "Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. The PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent. See Strickland, 466 U.S. at 689 (". . . a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time). Because of the difficulties inherent in making the evaluation, a court must ". . . indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption. . . " Id. The PCR court properly applied the Strickland standard and the denial of relief was not objectively unreasonable based on the factual findings.

20

Accordingly, it is recommended that Ground Two be denied and dismissed.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore, RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

In the alternative, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #11) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III

May 31, 2016                    Thomas E. Rogers, III
Florence, South Carolina        United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice**.